**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| SANTA CAROTA, LLC,<br><br>*Plaintiffs,*<br><br>vs.<br><br>INTERSTATE MEAT CO. INC., a Nevada Corporation dba STERLING PACIFIC MEAT CO.<br><br>*Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION No._______________ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, SANTA CAROTA, LLC, ("Plaintiff" or "Santa Carota"), files this Original Complaint against Defendant, INTERSTATE MEAT CO. INC., a Nevada Corporation dba STERLING PACIFIC MEAT CO. ("Defendant" or "Sterling"). Plaintiff states the following:

## I. NATURE OF THE ACTION

1. Plaintiff is a family-owned business that raises cattle and supplies beef products to individuals and restaurants throughout the United States. Plaintiff raises its cattle on a unique diet of grass and carrots that gives Plaintiff's beef its distinctive taste and premium quality.

2. Plaintiff entered into an agreement with Eureka! Restaurant Group ("Eureka"), a prominent restaurant chain with locations throughout the United States, including Texas and California, to supply Eureka with Plaintiff's ground beef burger patties. Under that agreement, Plaintiff was to supply Eureka with 100% of the ground beef used at Eureka's restaurants. To facilitate their relationship, Plaintiff and Eureka used Interstate, doing business as Sterling Pacific Meat Co. ("Sterling"), to process and package Plaintiff's meat before delivery to Eureka.

3. Sterling packed and shipped ground beef in cases bearing labels reading "PACKED EXCLUSIVELY FOR: EUREKA RESTAURANTS 211630 / GROUND BEEF PATTIES /

MANUFACTURED BY: STERLING PACIFIC MEAT COMPANY," identified as Santa Carota product, and issued pricing letters on Sterling letterhead for the "Santa Carota" beef it was purportedly selling.

4. Consumers, distributors, and restaurant customers who purchased products identified as Santa Carota beef reasonably expected to receive genuine Santa Carota beef. Behind the label, however, Sterling was substituting its own cheaper beef into product sold and marketed as Santa Carota. Sterling's own internal communications acknowledge the switch, including an internal directive to "go back to Santa beef." Sterling captured the Santa Carota price premium while sourcing cheaper beef, and Santa Carota was harmed in its brand and its expected sales.

5. Sterling's conduct falsely designated the origin of the goods, created confusion regarding the source and authenticity of the products, impaired the goodwill associated with the Santa Carota brand, diverted sales, and enabled Sterling to profit from goodwill it neither created nor owned.

6. Sterling's conduct has been deliberate, knowing, and willful, entitling Santa Carota to all remedies available under the Lanham Act, 15 U.S.C. § 1125(a); common-law fraud under Texas law; and unjust enrichment under Texas law. Santa Carota seeks damages, disgorgement of Sterling's profits from its unauthorized use of the Santa Carota mark, restitution, exemplary damages, injunctive relief, attorneys' fees, and all other available relief.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a), because Plaintiff is a citizen of Texas through each of its members, Defendant is a citizen of Nevada, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendant because Defendant maintains an office within this District, delivers meat to several customers in this District, and because the acts complained of herein have caused injury to Plaintiff, whose members citizens of and are domiciled in Southlake, Texas.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Plaintiff's members are citizens of and are domiciled in Southlake, Texas, where Plaintiff has suffered substantial injury as a result of Defendant's unlawful conduct, and because Defendant maintains an office within this District and delivered some of the mislabeled meat at issue in this case to customers in this District. Assignment to the Fort Worth Division is proper under Local Civil Rule LR 3.3.

## III. THE PARTIES

10. Plaintiff, Santa Carota, LLC is a limited liability company. All of Santa Carota's members are citizens of and domiciled in Southlake, Texas, and so Santa Carota is a citizen of Texas.

11. Defendant Interstate is a Nevada Corporation doing business as Sterling Pacific Meat Co. with its principal place of business in Commerce, California and is a citizen of Nevada and California.

## IV. FACTUAL BACKGROUND

### A. Santa Carota's carrot finished beef program.

12. Santa Carota is a family owned and operated cattle ranch that raises Angus cattle through its distinctive carrot feed finishing, under which its cattle are raised on a specialized diet of grass and carrots.

13. Sterling is a Nevada corporation with its principal place of business in Commerce, California. Sterling holds itself out as a "world-class supplier of animal protein products to

restaurants and food service distributors in the U.S. and abroad" and provides custom protein processing, packaging, and distribution services for restaurant and food service customers throughout the United States.

14. Since at least 2017, Santa Carota has continuously used the SANTA CAROTA mark in connection with the sale and marketing of its premium beef products throughout the United States.

15. On August 1, 2017, Santa Carota filed U.S. Trademark Application Serial No. 87/551,981 for the SANTA CAROTA mark in connection with meat products in International Class 29.

16. On October 2, 2018, the United States Patent and Trademark Office issued U.S. Trademark Registration No. 5,576,997 for the SANTA CAROTA mark.

17. Since at least January 24, 2018, Santa Carota has continuously used the SANTA CAROTA name and mark in connection with the sale, marketing, promotion, and distribution of its premium beef products throughout the United States.

18. Beginning in or around early 2020, Santa Carota and Eureka! Restaurant Group ("Eureka") entered into a business relationship under which Santa Carota supplied its premium ground beef product for use at Eureka's restaurants. Plaintiff is informed and believes, and based thereon alleges, that Eureka owns and operates approximately 30 restaurant locations, primarily located throughout California.

19. Through its continuous use of the SANTA CAROTA name and mark, together with the reputation associated with its distinctive carrot fed program, Santa Carota has developed substantial goodwill and valuable trademark rights recognized by restaurants, distributors, and consumers.

20. Beginning in or around early 2020, Santa Carota and Eureka! Restaurant Group ("Eureka") entered into a business relationship under which Santa Carota supplied its premium ground beef product for use at Eureka's restaurants. Plaintiff is informed and believes, and based thereon alleges, that Eureka owns and operates approximately 30 restaurant locations, primarily located throughout California.

21. The relationship between Santa Carota and Eureka was established through the parties' course of dealing and continued performance. Eureka requested Santa Carota's premium ground beef through Sterling, Santa Carota supplied the requested product, Eureka accepted the product for use at its restaurants, and payment was made for the product supplied. Through this course of conduct, the parties operated under the understanding that Eureka would purchase 100% of the ground beef used at its restaurants from Santa Carota.

22. In furtherance of that relationship, Eureka engaged Sterling to process, package, and supply Santa Carota's ground beef to Eureka's restaurants. Under the parties' arrangement, Eureka communicated its anticipated product requirements to Sterling, and Sterling obtained Santa Carota's ground beef, processed the product, and supplied it to Eureka.

23. From approximately 2020 through 2024, Santa Carota supplied Sterling with substantial quantities of premium ground beef for Eureka's restaurants in response to Sterling's orders. Sterling packed and shipped product in cases bearing labels stating: "PACKED EXCLUSIVELY FOR: EUREKA RESTAURANTS 211630 / GROUND BEEF PATTIES / MANUFACTURED BY: STERLING PACIFIC MEAT COMPANY." Sterling further issued pricing letters on Sterling letterhead identifying the product as containing only "Santa Carota Blend" beef, reflecting the premium price commanded by the Santa Carota product.

24. Unbeknownst to Santa Carota or Eureka, beginning no later than 2021, Sterling began supplying beef obtained from other sources while continuing to identify, market, label, package, invoice, and otherwise represent the product as SANTA CAROTA beef. Sterling did so without Santa Carota's knowledge or authorization.

25. Sterling continued using the SANTA CAROTA name and mark in connection with products supplied to Eureka after those products no longer consisted exclusively of genuine Santa Carota beef. Sterling continued representing those products as SANTA CAROTA beef despite supplying substituted beef.

26. In early 2024, Eureka advised Santa Carota that it had received substantially more beef from Sterling than Sterling had purchased from Santa Carota during the same period.

27. When confronted with the discrepancy, Sterling admitted that it had obtained cheaper, lesser quality beef from other suppliers and mixed that beef with Santa Carota's premium product before supplying it to Eureka. Sterling's own internal beef volume spreadsheets show that the amount of burger patties Sterling was providing to Eureka as "Santa Carota" beef materially exceeded the volumes of Santa Carota beef supplied to Sterling over corresponding periods, further confirming that a substantial portion of product sold, labeled, and invoiced as "Santa Carota" was not Santa Carota beef.

28. At no time did Santa Carota authorize Sterling to use the SANTA CAROTA name or mark in connection with products that were not genuine Santa Carota beef.

29. As a result of Sterling's conduct, Santa Carota suffered substantial damages, including lost sales, lost business opportunities, injury to the goodwill associated with the SANTA CAROTA name and mark, and damage to its business reputation. Sterling likewise realized

substantial profits by continuing to market and supply products under the SANTA CAROTA name while supplying substituted beef.

## CAUSES OF ACTION

### COUNT I –Trademark Infringement, False Designation of Origin, and False Association Under 15 U.S.C. §§ 1114 and 1125(a)(1)(A))

30. Plaintiff incorporates each and every paragraph of this Complaint by reference as fully stated and/or set forth herein, and further states and alleges as follows.

31. At the time of Defendant's misconduct, Plaintiff owned and used the name, mark, product identity, goodwill, and business reputation associated with its premium beef product. Plaintiff's name and product identity had value because Eureka understood Plaintiff's product to be a premium product that came from Plaintiff, was supplied by Plaintiff, and carried Plaintiff's quality and reputation.

32. Defendant knew Plaintiff's name, mark, product identity, goodwill, and reputation were associated with Plaintiff's premium beef product. Defendant also knew Eureka purchased Plaintiff's product because of that source, quality, and reputation.

33. Defendant used Plaintiff's name, mark, product identity, goodwill, and reputation in commerce to sell, substitute, process, invoice, deliver, and pass off beef product that was not Plaintiff's product. Defendant did not merely supply the wrong product. Defendant used Plaintiff's commercial identity so Eureka would believe it was still receiving Plaintiff's premium product, when it was not.

34. Defendant's conduct was false and misleading because Defendant represented, suggested, and allowed Eureka to believe that the beef product being processed, supplied, delivered, or sold was Plaintiff's product, originated with Plaintiff, was supplied by Plaintiff, was approved by Plaintiff, or had the same quality and characteristics associated with Plaintiff's

product. In reality, Defendant was mixing, substituting, and passing off other cheaper and lower quality beef product in place of Plaintiff's product in order to charge Eureka for a higher volume of beef than Santa Carota was actually supplying.

35. In other words, Defendant duped Eureka into believing it was receiving Plaintiff's premium product while Defendant used Plaintiff's name, mark, product identity, goodwill, and reputation to sell product that was not Plaintiff's. Had Santa Carota known the actual volumes of beef Eureka was ordering; it would have supplied those amounts to Sterling. Plaintiff is informed and believes, and based thereon alleges, that Defendant reaped significant profits from this misconduct.

36. Defendant's conduct was likely to cause confusion, mistake, or deception as to the source, origin, affiliation, sponsorship, approval, nature, characteristics, and quality of the beef product supplied to Eureka.

37. Defendant's conduct directly and proximately damaged Plaintiff. Indeed, Defendant's conduct caused Plaintiff to lose sales of thousands pounds of ground beef that Plaintiff would have otherwise sold to Eureka and damaged Plaintiff's reputation as a provider of premium beef.

38. Defendant's conduct constitutes trademark infringement under 15 U.S.C. § 1114 because Defendant used Plaintiff's registered mark, or a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered mark, in commerce and in connection with the sale, offering for sale, distribution, processing, invoicing, or delivery of goods in a manner likely to cause confusion, mistake, or deception.

39. Defendant's conduct also constitutes false designation of origin and false association under 15 U.S.C. § 1125(a)(1)(A) because Defendant used Plaintiff's name, mark,

product identity, goodwill, and commercial reputation in commerce in a manner likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's goods.

40. Defendant's conduct has resulted in damage to Plaintiff in the form of lost business opportunities, lost sales, harm to goodwill, harm to business reputation, customer confusion, and loss of control over Plaintiff's name, mark, product identity, and commercial reputation.

41. Plaintiff is entitled to all remedies available under the Lanham Act, including actual damages, Defendant's profits, enhanced damages, injunctive relief, costs, attorneys' fees, and statutory damages to the extent permitted by law.

**COUNT II – Common Law Fraud (Texas)**

42. Plaintiff incorporates each and every paragraph of this Complaint by reference as though fully stated and/or set forth herein, and further state and allege as follows.

43. Sterling made material representations to Santa Carota, including representations that Sterling was processing, packing, and shipping genuine Santa Carota beef under the parties' course of dealing; that the case labels bearing the Santa Carota identification, and pricing letters on Sterling letterhead identifying the product as the Santa Carota beef, accurately identified the source and content of the product being sold; and that Sterling was performing the arrangement on an exclusive basis with respect to Santa Carota beef processed for Eureka.

44. Those representations were false. Sterling was substituting non-Santa Carota beef into product identified, labeled, and sold as Santa Carota.

45. The representations were material. The Santa Carota name and the exclusivity of the supply arrangement were the reasons Santa Carota committed weekly supply and pricing terms and accepted the risks of a Sterling-processed program in the first place; had Santa Carota known the truth, it would not have continued to supply Sterling on the same terms, would not have

permitted Sterling’s continued use of the Santa Carota Mark on Sterling's product, and would have taken steps to protect its brand and customer relationship.

46. Sterling knew the representations were false when made, or made them recklessly without any knowledge of their truth. Sterling’s internal communications—including the directive to “go back to Santa beef,” Sterling’s fat-content attributions for the substituted product, and the volume records reflected on the native “Eureka weight and cases.xlsx” spreadsheet—confirm Sterling’s actual knowledge of the substitution.

47. Sterling intended that Santa Carota relies on the representations. Sterling made them in the course of an ongoing supplier relationship, on Sterling’s own letterhead, and on product Sterling was shipping to a shared customer, with the intent that Santa Carota continues supplying beef, honor pricing, and refrain from disturbing Sterling’s customer channel.

48. Santa Carota justifiably relied on Sterling’s representations. Santa Carota continued to supply beef, committed weekly volumes and pricing, and permitted Sterling’s use of the Santa Carota Mark on Sterling’s case labels and pricing letters in reliance on Sterling’s representations.

49. Sterling’s fraud proximately caused Santa Carota’s injury, including lost margin on the volumes Sterling sold as Santa Carota without paying Santa Carota for the underlying beef, lost sales resulting from the collapse and termination of the Eureka relationship, harm to Santa Carota’s reputation and goodwill, and dilution of the Santa Carota Mark.

50. Sterling’s conduct was intentional, knowing, and undertaken with conscious indifference to Santa Carota’s rights. Santa Carota is entitled to actual damages and exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code, together with pre- and post-judgment interest and costs.

Case 4:26-cv-00976-O Document 4-1 Filed 08/07/26 Page 11 of 14 PageID 31

**COUNT III – Unjust Enrichment (Texas)**

51. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

52. Sterling obtained substantial benefits at Santa Carota's expense by, among other things, capturing the Santa Carota price premium on product that was not Santa Carota beef; exploiting the Santa Carota Mark and Santa Carota's goodwill to build and maintain the Eureka customer relationship; and reducing Sterling's own input costs while continuing to invoice, label, and sell product as Santa Carota.

53. Sterling obtained those benefits through fraud, the taking of an undue advantage, and conduct that in equity and good conscience Sterling should not be permitted to retain. The measure of Sterling's unjust enrichment includes, at a minimum, the differential between the Santa Carota price and the price of the substituted commodity beef, multiplied by the volumes Sterling sold as Santa Carota during the relevant period, together with any additional profits Sterling derived from its unauthorized use of the Santa Carota Mark.

54. Santa Carota is entitled to restitution and disgorgement of Sterling's unjust gains, together with pre- and post-judgment interest and costs.

## VI. CONDITIONS PRECEDENT

55. All conditions precedent to Santa Carota's recovery have been performed, have occurred, or have been waived.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of judgment in its favor and against Defendant as follows:

a. Direct, actual, and compensatory damages to be proven at trial;

b. Defendant's profits wrongfully obtained through the use of Plaintiff's name,

mark, product identity, goodwill, and business reputation;

c. Enhanced and statutory damage as permitted by the Lanham Act;

d. Punitive and exemplary damages against Defendant;

e. For prejudgment and post-judgment interest as provided by law;

f. For costs of suit, including reasonable attorneys' fees; and

g. For such other and further relief as the Court may deem appropriate, proper and equitable.

**JURY TRIAL DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, on its own behalf and on behalf of all others similarly situated, hereby demand a trial by jury.

Respectfully submitted,

***/s/ Vincent P. Circelli***

Vincent P. Circelli
State Bar No. 24058804
vcircelli@dclaw.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dclaw.com
Sarah Arroyo
State Bar No. 24138756
sarroyo@dclaw.com
**DUGAS & CIRCELLI, PLLC**
4800 Bryant Irvin Ct.
Fort Worth, Texas 76107
Telephone: (817) 817-7000
Facsimile: (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

SANTA CAROTA, LLC

**(b)** County of Residence of First Listed Plaintiff: Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Vincent P. Circelli, Dugas & Circelli, PLLC, 4800 Bryant Irvin Court, Fort Worth, Texas 76107

## DEFENDANTS

Interstate Meat Co. Inc., a Nevada Corporation dba Sterling

County of Residence of First Listed Defendant: ______
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☒ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. §§ 1331 and 1338(a)

Brief description of cause:
Trademark Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ______ DOCKET NUMBER ______

DATE: 08/07/2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Vincent P. Circelli

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If a related case exists, whether pending or closed, insert the docket numbers and the corresponding judge names for such cases. A case is related to this filing if the case: 1) involves some or all of the same parties and is based on the same or similar claim; 2) involves the same property, transaction, or event; 3) involves substantially similar issues of law and fact; and/or 4) involves the same estate in a bankruptcy appeal.

**Date and Attorney Signature.** Date and sign the civil cover sheet.