**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **SANTA CAROTA, LLC,** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| *vs.* | § | **Civil Action No. 4:26-cv-00976-O** |
| | § | |
| **INTERSTATE MEAT CO., INC., a Nevada Corporation dba STERLING PACIFIC MEAT CO.,** | § § § | |
| ***Defendant.*** | § | |

# DECLARATION OF SERVICE

Came to my hand on **Tuesday, August 18, 2026 at 12:03 PM,**
Executed at: **10880 WILSHIRE BLVD., 19TH FLOOR, LOS ANGELES, CA 90024**
at **12:12 PM,** on **Friday, September 11, 2026,** by delivering to the within named:

**INTERSTATE MEAT CO., INC., A NEVADA CORPORATION**
**DOING BUSINESS AS STERLING PACIFIC MEAT CO.**

Care of its **Registered Agent, RONALD R. CAMHI**
by personally delivering to **Authorized Representative, MELANIE "DOE" REFUSED LAST NAM**
a true copy of this

**SUMMONS IN A CIVIL ACTION and PLAINTIFF'S ORIGINAL COMPLAINT**

My name is ALBERT GUTIERREZ. My business address is 31 N. 2nd Street, Ste 200, San Jose, CA in the county of Santa Clara, United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed on Sept. 21, 2026

**By:** [signature]
**ALBERT GUTIERREZ SERVICES – Reg. No. 5360 Los Angeles County**

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the
Northern District of Texas

| | | |
|---|---|---|
| Santa Carota, LLC<br>*Plaintiff*<br>v.<br><br>Interstate Meat Co. Inc.<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 4:26-cv-00976-O |

## Summons in a Civil Action

**TO:** Interstate Meat Co. Inc., a Nevada Corporation

*doing business as* Sterling Pacific Meat Co.

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) -- or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) -- you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose name and address are:

Vincent Circelli
4800 Bryant Irvin Court
Fort Worth , TX 76107

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

DATE: 08/07/2026

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No. 4:26-cv-00976-O

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for (*name of individual and title, if any*) ______________________________
was received by me on (*date*) ______________.

☐ I personally served the summons on the individual at (*place*) ______________________________
______________________________ on (*date*) ______________; or

☐ I left the summons at the individual's residence or usual place of abode with (*name*) ______________
______________________________, a person of suitable age and discretion who resides there,
on (*date*) ______________________, and mailed a copy to the individual's last known address; or

☐ I served the summons on (*name of individual*) ______________________, who is designated
by law to accept service of process on behalf of (*name of organization*) ______________________
______________________________ on (*date*) ______________ ; or

☐ I returned the summons unexecuted because ______________________________ ; or

☐ other (*specify*) ______________________________
______________________________

My fees are $ ________ for travel and $ ________ for services, for a total of $ ________

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
Server's signature

______________________________
Printed name and title

______________________________
Server's address

Additional information regarding attempted service, etc:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| SANTA CAROTA, LLC, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION No._______________ |
| INTERSTATE MEAT CO. INC., a | § | |
| Nevada Corporation dba STERLING | § | |
| PACIFIC MEAT CO. | § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, SANTA CAROTA, LLC, ("Plaintiff" or "Santa Carota"), files this Original Complaint against Defendant, INTERSTATE MEAT CO. INC., a Nevada Corporation dba STERLING PACIFIC MEAT CO. ("Defendant" or "Sterling"). Plaintiff states the following:

## I. NATURE OF THE ACTION

1. Plaintiff is a family-owned business that raises cattle and supplies beef products to individuals and restaurants throughout the United States. Plaintiff raises its cattle on a unique diet of grass and carrots that gives Plaintiff's beef its distinctive taste and premium quality.

2. Plaintiff entered into an agreement with Eureka! Restaurant Group ("Eureka"), a prominent restaurant chain with locations throughout the United States, including Texas and California, to supply Eureka with Plaintiff's ground beef burger patties. Under that agreement, Plaintiff was to supply Eureka with 100% of the ground beef used at Eureka's restaurants. To facilitate their relationship, Plaintiff and Eureka used Interstate, doing business as Sterling Pacific Meat Co. ("Sterling"), to process and package Plaintiff's meat before delivery to Eureka.

3. Sterling packed and shipped ground beef in cases bearing labels reading "PACKED EXCLUSIVELY FOR: EUREKA RESTAURANTS 211630 / GROUND BEEF PATTIES /

MANUFACTURED BY: STERLING PACIFIC MEAT COMPANY," identified as Santa Carota product, and issued pricing letters on Sterling letterhead for the "Santa Carota" beef it was purportedly selling.

4. Consumers, distributors, and restaurant customers who purchased products identified as Santa Carota beef reasonably expected to receive genuine Santa Carota beef. Behind the label, however, Sterling was substituting its own cheaper beef into product sold and marketed as Santa Carota. Sterling's own internal communications acknowledge the switch, including an internal directive to "go back to Santa beef." Sterling captured the Santa Carota price premium while sourcing cheaper beef, and Santa Carota was harmed in its brand and its expected sales.

5. Sterling's conduct falsely designated the origin of the goods, created confusion regarding the source and authenticity of the products, impaired the goodwill associated with the Santa Carota brand, diverted sales, and enabled Sterling to profit from goodwill it neither created nor owned.

6. Sterling's conduct has been deliberate, knowing, and willful, entitling Santa Carota to all remedies available under the Lanham Act, 15 U.S.C. § 1125(a); common-law fraud under Texas law; and unjust enrichment under Texas law. Santa Carota seeks damages, disgorgement of Sterling's profits from its unauthorized use of the Santa Carota mark, restitution, exemplary damages, injunctive relief, attorneys' fees, and all other available relief.

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a). This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a), because Plaintiff is a citizen of Texas through each of its members, Defendant is a citizen of Nevada, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has personal jurisdiction over Defendant because Defendant maintains an office within this District, delivers meat to several customers in this District, and because the acts complained of herein have caused injury to Plaintiff, whose members citizens of and are domiciled in Southlake, Texas.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Plaintiff's members are citizens of and are domiciled in Southlake, Texas, where Plaintiff has suffered substantial injury as a result of Defendant's unlawful conduct, and because Defendant maintains an office within this District and delivered some of the mislabeled meat at issue in this case to customers in this District. Assignment to the Fort Worth Division is proper under Local Civil Rule LR 3.3.

## III. THE PARTIES

10. Plaintiff, Santa Carota, LLC is a limited liability company. All of Santa Carota's members are citizens of and domiciled in Southlake, Texas, and so Santa Carota is a citizen of Texas.

11. Defendant Interstate is a Nevada Corporation doing business as Sterling Pacific Meat Co. with its principal place of business in Commerce, California and is a citizen of Nevada and California.

## IV. FACTUAL BACKGROUND

### A. Santa Carota's carrot finished beef program.

12. Santa Carota is a family owned and operated cattle ranch that raises Angus cattle through its distinctive carrot feed finishing, under which its cattle are raised on a specialized diet of grass and carrots.

13. Sterling is a Nevada corporation with its principal place of business in Commerce, California. Sterling holds itself out as a "world-class supplier of animal protein products to

restaurants and food service distributors in the U.S. and abroad" and provides custom protein processing, packaging, and distribution services for restaurant and food service customers throughout the United States.

14. Since at least 2017, Santa Carota has continuously used the SANTA CAROTA mark in connection with the sale and marketing of its premium beef products throughout the United States.

15. On August 1, 2017, Santa Carota filed U.S. Trademark Application Serial No. 87/551,981 for the SANTA CAROTA mark in connection with meat products in International Class 29.

16. On October 2, 2018, the United States Patent and Trademark Office issued U.S. Trademark Registration No. 5,576,997 for the SANTA CAROTA mark.

17. Since at least January 24, 2018, Santa Carota has continuously used the SANTA CAROTA name and mark in connection with the sale, marketing, promotion, and distribution of its premium beef products throughout the United States.

18. Beginning in or around early 2020, Santa Carota and Eureka! Restaurant Group ("Eureka") entered into a business relationship under which Santa Carota supplied its premium ground beef product for use at Eureka's restaurants. Plaintiff is informed and believes, and based thereon alleges, that Eureka owns and operates approximately 30 restaurant locations, primarily located throughout California.

19. Through its continuous use of the SANTA CAROTA name and mark, together with the reputation associated with its distinctive carrot fed program, Santa Carota has developed substantial goodwill and valuable trademark rights recognized by restaurants, distributors, and consumers.

20. Beginning in or around early 2020, Santa Carota and Eureka! Restaurant Group ("Eureka") entered into a business relationship under which Santa Carota supplied its premium ground beef product for use at Eureka's restaurants. Plaintiff is informed and believes, and based thereon alleges, that Eureka owns and operates approximately 30 restaurant locations, primarily located throughout California.

21. The relationship between Santa Carota and Eureka was established through the parties' course of dealing and continued performance. Eureka requested Santa Carota's premium ground beef through Sterling, Santa Carota supplied the requested product, Eureka accepted the product for use at its restaurants, and payment was made for the product supplied. Through this course of conduct, the parties operated under the understanding that Eureka would purchase 100% of the ground beef used at its restaurants from Santa Carota.

22. In furtherance of that relationship, Eureka engaged Sterling to process, package, and supply Santa Carota's ground beef to Eureka's restaurants. Under the parties' arrangement, Eureka communicated its anticipated product requirements to Sterling, and Sterling obtained Santa Carota's ground beef, processed the product, and supplied it to Eureka.

23. From approximately 2020 through 2024, Santa Carota supplied Sterling with substantial quantities of premium ground beef for Eureka's restaurants in response to Sterling's orders. Sterling packed and shipped product in cases bearing labels stating: "PACKED EXCLUSIVELY FOR: EUREKA RESTAURANTS 211630 / GROUND BEEF PATTIES / MANUFACTURED BY: STERLING PACIFIC MEAT COMPANY." Sterling further issued pricing letters on Sterling letterhead identifying the product as containing only "Santa Carota Blend" beef, reflecting the premium price commanded by the Santa Carota product.

24. Unbeknownst to Santa Carota or Eureka, beginning no later than 2021, Sterling began supplying beef obtained from other sources while continuing to identify, market, label, package, invoice, and otherwise represent the product as SANTA CAROTA beef. Sterling did so without Santa Carota's knowledge or authorization.

25. Sterling continued using the SANTA CAROTA name and mark in connection with products supplied to Eureka after those products no longer consisted exclusively of genuine Santa Carota beef. Sterling continued representing those products as SANTA CAROTA beef despite supplying substituted beef.

26. In early 2024, Eureka advised Santa Carota that it had received substantially more beef from Sterling than Sterling had purchased from Santa Carota during the same period.

27. When confronted with the discrepancy, Sterling admitted that it had obtained cheaper, lesser quality beef from other suppliers and mixed that beef with Santa Carota's premium product before supplying it to Eureka. Sterling's own internal beef volume spreadsheets show that the amount of burger patties Sterling was providing to Eureka as "Santa Carota" beef materially exceeded the volumes of Santa Carota beef supplied to Sterling over corresponding periods, further confirming that a substantial portion of product sold, labeled, and invoiced as "Santa Carota" was not Santa Carota beef.

28. At no time did Santa Carota authorize Sterling to use the SANTA CAROTA name or mark in connection with products that were not genuine Santa Carota beef.

29. As a result of Sterling's conduct, Santa Carota suffered substantial damages, including lost sales, lost business opportunities, injury to the goodwill associated with the SANTA CAROTA name and mark, and damage to its business reputation. Sterling likewise realized

substantial profits by continuing to market and supply products under the SANTA CAROTA name while supplying substituted beef.

## CAUSES OF ACTION

### COUNT I –Trademark Infringement, False Designation of Origin, and False Association Under 15 U.S.C. §§ 1114 and 1125(a)(1)(A))

30. Plaintiff incorporates each and every paragraph of this Complaint by reference as fully stated and/or set forth herein, and further states and alleges as follows.

31. At the time of Defendant's misconduct, Plaintiff owned and used the name, mark, product identity, goodwill, and business reputation associated with its premium beef product. Plaintiff's name and product identity had value because Eureka understood Plaintiff's product to be a premium product that came from Plaintiff, was supplied by Plaintiff, and carried Plaintiff's quality and reputation.

32. Defendant knew Plaintiff's name, mark, product identity, goodwill, and reputation were associated with Plaintiff's premium beef product. Defendant also knew Eureka purchased Plaintiff's product because of that source, quality, and reputation.

33. Defendant used Plaintiff's name, mark, product identity, goodwill, and reputation in commerce to sell, substitute, process, invoice, deliver, and pass off beef product that was not Plaintiff's product. Defendant did not merely supply the wrong product. Defendant used Plaintiff's commercial identity so Eureka would believe it was still receiving Plaintiff's premium product, when it was not.

34. Defendant's conduct was false and misleading because Defendant represented, suggested, and allowed Eureka to believe that the beef product being processed, supplied, delivered, or sold was Plaintiff's product, originated with Plaintiff, was supplied by Plaintiff, was approved by Plaintiff, or had the same quality and characteristics associated with Plaintiff's

product. In reality, Defendant was mixing, substituting, and passing off other cheaper and lower quality beef product in place of Plaintiff's product in order to charge Eureka for a higher volume of beef than Santa Carota was actually supplying.

35. In other words, Defendant duped Eureka into believing it was receiving Plaintiff's premium product while Defendant used Plaintiff's name, mark, product identity, goodwill, and reputation to sell product that was not Plaintiff's. Had Santa Carota known the actual volumes of beef Eureka was ordering; it would have supplied those amounts to Sterling. Plaintiff is informed and believes, and based thereon alleges, that Defendant reaped significant profits from this misconduct.

36. Defendant's conduct was likely to cause confusion, mistake, or deception as to the source, origin, affiliation, sponsorship, approval, nature, characteristics, and quality of the beef product supplied to Eureka.

37. Defendant's conduct directly and proximately damaged Plaintiff. Indeed, Defendant's conduct caused Plaintiff to lose sales of thousands pounds of ground beef that Plaintiff would have otherwise sold to Eureka and damaged Plaintiff's reputation as a provider of premium beef.

38. Defendant's conduct constitutes trademark infringement under 15 U.S.C. § 1114 because Defendant used Plaintiff's registered mark, or a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's registered mark, in commerce and in connection with the sale, offering for sale, distribution, processing, invoicing, or delivery of goods in a manner likely to cause confusion, mistake, or deception.

39. Defendant's conduct also constitutes false designation of origin and false association under 15 U.S.C. § 1125(a)(1)(A) because Defendant used Plaintiff's name, mark,

product identity, goodwill, and commercial reputation in commerce in a manner likely to cause confusion, mistake, or deception as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's goods.

40. Defendant's conduct has resulted in damage to Plaintiff in the form of lost business opportunities, lost sales, harm to goodwill, harm to business reputation, customer confusion, and loss of control over Plaintiff's name, mark, product identity, and commercial reputation.

41. Plaintiff is entitled to all remedies available under the Lanham Act, including actual damages, Defendant's profits, enhanced damages, injunctive relief, costs, attorneys' fees, and statutory damages to the extent permitted by law.

**COUNT II – Common Law Fraud (Texas)**

42. Plaintiff incorporates each and every paragraph of this Complaint by reference as though fully stated and/or set forth herein, and further state and allege as follows.

43. Sterling made material representations to Santa Carota, including representations that Sterling was processing, packing, and shipping genuine Santa Carota beef under the parties' course of dealing; that the case labels bearing the Santa Carota identification, and pricing letters on Sterling letterhead identifying the product as the Santa Carota beef, accurately identified the source and content of the product being sold; and that Sterling was performing the arrangement on an exclusive basis with respect to Santa Carota beef processed for Eureka.

44. Those representations were false. Sterling was substituting non-Santa Carota beef into product identified, labeled, and sold as Santa Carota.

45. The representations were material. The Santa Carota name and the exclusivity of the supply arrangement were the reasons Santa Carota committed weekly supply and pricing terms and accepted the risks of a Sterling-processed program in the first place; had Santa Carota known the truth, it would not have continued to supply Sterling on the same terms, would not have

permitted Sterling’s continued use of the Santa Carota Mark on Sterling's product, and would have taken steps to protect its brand and customer relationship.

46. Sterling knew the representations were false when made, or made them recklessly without any knowledge of their truth. Sterling’s internal communications—including the directive to “go back to Santa beef,” Sterling’s fat-content attributions for the substituted product, and the volume records reflected on the native “Eureka weight and cases.xlsx” spreadsheet—confirm Sterling’s actual knowledge of the substitution.

47. Sterling intended that Santa Carota relies on the representations. Sterling made them in the course of an ongoing supplier relationship, on Sterling’s own letterhead, and on product Sterling was shipping to a shared customer, with the intent that Santa Carota continues supplying beef, honor pricing, and refrain from disturbing Sterling’s customer channel.

48. Santa Carota justifiably relied on Sterling’s representations. Santa Carota continued to supply beef, committed weekly volumes and pricing, and permitted Sterling’s use of the Santa Carota Mark on Sterling’s case labels and pricing letters in reliance on Sterling’s representations.

49. Sterling’s fraud proximately caused Santa Carota’s injury, including lost margin on the volumes Sterling sold as Santa Carota without paying Santa Carota for the underlying beef, lost sales resulting from the collapse and termination of the Eureka relationship, harm to Santa Carota’s reputation and goodwill, and dilution of the Santa Carota Mark.

50. Sterling’s conduct was intentional, knowing, and undertaken with conscious indifference to Santa Carota’s rights. Santa Carota is entitled to actual damages and exemplary damages under Chapter 41 of the Texas Civil Practice and Remedies Code, together with pre- and post-judgment interest and costs.

**COUNT III – Unjust Enrichment (Texas)**

51. Plaintiff incorporates by reference each of the preceding paragraphs as if fully set forth herein.

52. Sterling obtained substantial benefits at Santa Carota's expense by, among other things, capturing the Santa Carota price premium on product that was not Santa Carota beef; exploiting the Santa Carota Mark and Santa Carota's goodwill to build and maintain the Eureka customer relationship; and reducing Sterling's own input costs while continuing to invoice, label, and sell product as Santa Carota.

53. Sterling obtained those benefits through fraud, the taking of an undue advantage, and conduct that in equity and good conscience Sterling should not be permitted to retain. The measure of Sterling's unjust enrichment includes, at a minimum, the differential between the Santa Carota price and the price of the substituted commodity beef, multiplied by the volumes Sterling sold as Santa Carota during the relevant period, together with any additional profits Sterling derived from its unauthorized use of the Santa Carota Mark.

54. Santa Carota is entitled to restitution and disgorgement of Sterling's unjust gains, together with pre- and post-judgment interest and costs.

## VI. CONDITIONS PRECEDENT

55. All conditions precedent to Santa Carota's recovery have been performed, have occurred, or have been waived.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of judgment in its favor and against Defendant as follows:

a. Direct, actual, and compensatory damages to be proven at trial;

b. Defendant's profits wrongfully obtained through the use of Plaintiff's name,

mark, product identity, goodwill, and business reputation;

c. Enhanced and statutory damage as permitted by the Lanham Act;

d. Punitive and exemplary damages against Defendant;

e. For prejudgment and post-judgment interest as provided by law;

f. For costs of suit, including reasonable attorneys' fees; and

g. For such other and further relief as the Court may deem appropriate, proper and equitable.

**JURY TRIAL DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, on its own behalf and on behalf of all others similarly situated, hereby demand a trial by jury.

Respectfully submitted,

***/s/ Vincent P. Circelli***
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dclaw.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dclaw.com
Sarah Arroyo
State Bar No. 24138756
sarroyo@dclaw.com
**DUGAS & CIRCELLI, PLLC**
4800 Bryant Irvin Ct.
Fort Worth, Texas 76107
Telephone: (817) 817-7000
Facsimile: (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**